On Rehearing.
Ludeling, C. J.
The plaintiff sued the defendant, W. Van Nor-den, as drawer of a promissory note, of which the following is a true copy:
“ $2500. “New Orleans, June 13, 1874. “
“ Seven months after date, I promise to pay to the order of myself twenty-five hundred (and 00-100) dollars, value received, with interest at the rate of eight per cent, per annum from maturity until paid.”
(Signed) “ W. VAN NORDEN.”
Indorsed “ W. Van Norden.”
*478 The defendant, E. C. Palmer, was sued as guaranteeing the payment of this note at maturity, as per his agreement, found on page 85 of the record.
The following are true copies of the answers of these two defendants :
“And now comes Warner Van Norden, one of the defendants in aboye entitled cause, and for answer to the petition of plaintiff, denies all and singular the allegations therein contained, except so far as hereinafter specially admitted.
“ He admits signing the notes sued on; but specially denies that he is in any wise bound for the payment of the same; and avers that the same was given without any legal or valid consideration, and that the transaction or contract under which said note was given was illegal and reprobated of law, and of no effect.
“Respondent avers that said plaintiff, in combination and conspiracy with one Edward P. Champlin, and others, caused suit to be filed in the District Court of the United States for the District of Louisiana, in the month of May, 1873, numbered 1313 of the docket of said court, entitled 'Edwin P. Champlin v. The Mississippi and Mexican G-ulf Ship Canal Company,’ a corporation in which this respondent was largely interested; that in said suit the said Champlin, as petitioning creditor, alleged that he ‘ was a creditor of the said company in the sum of four hundred and sixteen dollars and sixty-six cents, and did pray that said company might be adjudicated a bankrupt.’
“That said Benner and said other persons did openly declare that the purpose of said suit was to extort money from this said respondent; and said suit was, ip truth and fact, brought for that purpose.
“That, being largely interested in the affairs of said company, and having large sums of money invested in the business of said company, as all said persons well knew, and being fearful of the proceedings instituted in the United States District Court, and that through the efforts of said Benner and others, the said company would be adjudicated a bankrupt, and respondent thus personally suffer a great loss, he offered to said Benner and said Champlin, and other said persons, to pay the amount of said claim, together with all acts, charges and attorneys’ fees, to which they might have been subjected; but his said offer was refused.
“And the said Benner and said other persons did demand and requiie of respondent, as the sole condition upon which they would discontinue said proceedings in said bankrupt court, the execution by him of six certain promissory notes, in the sum of five hundred dollars each, and their delivery to said Benner; all of which said respondent was compelled to do,.and did. Whereupon said proceedings were discontinued.
*479 “ He further says that he has paid two of said series of notes, amounting to the sum of five thousand dollars, and that the present suit is upon another of said series of notes.
“Respondent shows further, that at the time of the execution of said notes, the said Benner and others transferred to him certain, say eight hundred, shares of the capital stock of said company; but that the same had no real market value, and has not had since. That the sum heretofore stated, paid by him, far exceeds any real or pretended claim held by said Benner, or said Champlin, or by other persons combining and conspiring with them, or by all of them, against said company, or respondent, and the value of the stock transferred as aforesaid.
“And he says that it is not in equity and good conscience that he is compelled to pay the note sued on.
“Wherefore he prays that plaintiff’s suit be dismissed, with costs, and that he have all general relief.”
From the admissions in the answer, and from the evidence, it appears that Yan Norden was a creditor of the company to a very large amount; that one Champlin, an admitted creditor of the company, had filed a suit in the United States District Court to put the company in bankruptcy, and it is not denied that he had just grounds for his suit; on the contrary, Yan Norden states in his petition that he was “fearful of the proceedings instituted in the United States District Court, and that, through the efforts of said Benner and others, the said company would be adjudicated a bankrupt, and respondent thus personally suffer a great loss.” He made propositions to compromise the suit, which resulted in the dismissal of the suit, and- the sale of eight hundred shares of stock of the company to Yan Norden for the price for which he executed his notes. It seems to us the consideration of the notes was good. The motives which influence a person to exercise a legal right do not destroy that right, or affect its enforcement. It would be against good conscience to permit the defendant to refuse to execute his obligation after having had the suit dismissed and received the stocks.
Article 1856 C. C. declares: ‘.‘If the violence used be"only legal constraint, or the threats of doing that which the party using them has a right to do, they shall not invalidate the contract. A just and legal imprisonmeut, or threats of measures authorized by law and by the circumstances of the case are of this description.”
Mr. Justice Story, in his work on Promissory Notes, says a valuable consideration “may, in general terms, be said to consist either in some right, interest, profit or benefit accruing to the party who makes the contract, or some forbearance, detriment, loss, responsibility or act, or labor or service on the other side. And if either of these exist, it will *480 furnish a sufficient valuable consideration to sustain the making or indorsing a promissory noto in favor of the payee or other holder.” Section 186.
But the defendant says the stock had no value. The plaintiff’s answer to this is, that if the fact be as stated by the defendant, it was because the defendant had a hold upon the vitals of the corporation, and was himself absorbing its entire substance. But be this as it may, whether the stock had a market value or not, the existence of the stock is not denied. “He who sells a credit or an incorporeal right, warrants its existence at the time of the transfer,” etc. C. C. 2646. “ The seller does not warrant the solvency of the debtor unless he has agreed so to do,” C. C. 2694. There is no lesion in such sales, and the defendant can not get relief.
It is therefore ordered that our former opinion and decree be set aside, and that the judgment of the lower court be affirmed with costs of appeal.
Mr. Justice Morgan adheres to the decision first rendered in this case.